UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SCOTT MCFARLAND, *et al.*,
    *Plaintiffs*,

v.

INLAND WETLANDS COMMISSION, *et al.*,
    *Defendants*.

No. 3:17-cv-00936 (JAM)

# ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
# AND DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs have sued their town because the town won't let them cut down trees on their property without obtaining a permit. Because plaintiffs have not alleged plausible grounds for relief under federal law, I will dismiss this action without prejudice to plaintiffs' right to seek any relief that may be available in state court.

## BACKGROUND

The following factual allegations from plaintiffs' amended complaint (Doc. #22) are accepted as true solely for the purpose of this motion to dismiss. Plaintiffs Scott and Beth McFarland own a home and property in the Town of Wilton, Connecticut. On February 14, 2017, plaintiffs were in their backyard cutting logs when a town official named Michael Conklin entered the backyard to tell plaintiffs that he had received complaints about them "clearing" trees on their property. The following day, plaintiffs received letters from Conklin and from the chairman of the Town's wetlands commission to the effect that they would need to take corrective action and seek a permit before cutting down any more trees on their property.

Plaintiffs have now filed a *pro se* complaint against the Town of Wilton and its Inland Wetlands Commission seeking injunctive and declaratory relief. The amended complaint alleges

that defendants have violated plaintiffs' right to substantive due process under the U.S. Constitution. The complaint also cites the Administrative Procedure Act, 5 U.S.C. § 702 ("APA"), and the Declaratory Judgment Act, 28 U.S.C. § 2202, as well as the Connecticut Inland Wetlands and Watercourses Act, Conn. Gen. Stat. § 22a-36 *et seq*. Defendants now move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)6), and plaintiffs have cross-moved for partial summary judgment.

## **DISCUSSION**

For purposes of either a Rule 12(b)(1) or Rule 12(b)(6) motion to dismiss, the Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a basis for federal jurisdiction and a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155–56 (D. Conn. 2016).

Plaintiffs claim a violation of their rights to substantive due process. The substantive component of the Fourteenth Amendment's Due Process Clause protects against governmental conduct that is so noxious and abusive that it can be said to shock the conscience. *See, e.g.*, *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998); *Natale v. Town of Ridgefield*, 170 F.3d 258, 262–63 (2d Cir. 1999). Plaintiffs here complain that local officials will not let them cut trees or clear their land without a permit as they would like. This is hardly conduct so egregious in nature that it shocks the conscience and rises to the level of a violation of substantive due process. Even if defendants have violated state or local law or regulations, this without more falls short of establishing a substantive due process claim. *See, e.g.*, *Kuck v. Danaher*, 600 F.3d 159, 167 (2d Cir. 2010); *Interport Pilots Agency v. Sammis*, 14 F.3d 133, 145 (2d Cir.1994). Nor have

2

plaintiffs alleged that they are members of a suspect class or seek to exercise a fundamental right that would warrant a higher level of scrutiny under the Due Process Clause. *See, e.g.*, *Dittmer v. Cty. of Suffolk, New York*, 59 F. App'x 375, 378 (2d Cir. 2003) (rejecting property owner's substantive due process challenge to land use restrictions imposed by New York Pine Barrens Protection Act). In short, plaintiffs have not alleged a plausible claim for relief under the Due Process Clause.

The complaint next cites the federal Administrative Procedures Act (APA). But the APA does not apply to local government actors or entities like the Town of Wilton or its Inland Wetlands Commission. The APA allows for judicial review of "agency action," *see* 5 U.S.C. § 702, and an "agency" is defined to include "each authority of the Government of the United States," 5 U.S.C. § 701(b)(1), without any reference to state or local government actors or entities. "While it is true that there is a strong presumption that Congress intends judicial review of administrative action, that presumption is only available with regard to the administrative acts of federal agencies as defined in the APA." *New York v. Atl. States Marine Fisheries Comm'n*, 609 F.3d 524, 533 (2d Cir. 2010) (internal citation and quotation marks omitted) (interstate commission created by congressionally approved compact not a federal "agency" within meaning of APA). Accordingly, plaintiffs have not alleged plausible grounds for relief under the APA.

The complaint next cites the Declaratory Judgment Act, 28 U.S.C. § 2201. That statute provides in relevant part that "[i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Ibid.* But the Declaratory Judgment Act is procedural only; it does not

3

create an independent federal cause of action and does not expand the jurisdiction of the federal courts. *See Chevron Corp. v. Naranjo*, 667 F.3d 232, 244–45 (2d Cir. 2012); *Cable Television Ass'n of New York, Inc. v. Finneran*, 954 F.2d 91, 94 (2d Cir. 1992). Accordingly, for lack of an independent federal cause of action upon which to predicate a claim for declaratory relief, plaintiffs have not alleged plausible grounds for relief under the Declaratory Judgment Act.

What remains is plaintiffs' state law claim under the Connecticut Inland Wetlands and Watercourses Act (IWWA). I decline to consider this claim. "When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims." *Artis v. D.C.*, ___ S. Ct. ___, 2018 WL 491524, at *3 (U.S. Jan. 22, 2018); *see also* 28 U.S.C. § 1367(c)(3); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117–18 (2d Cir. 2013).[1]

Nor is there any basis to conclude that plaintiffs' state law claim under IWWA somehow presents a federal question that would allow for the exercise of federal jurisdiction. The Supreme Court has ruled that "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Obviously, if a complaint alleges a state law claim for relief, there is good reason to conclude that the claim does not on its face present a federal question.

To be sure, there are narrow exceptions to the well-pleaded complaint rule if a state law claim necessarily incorporates federal law, *see Bracey v. Bd. of Educ. of City of Bridgeport*, 368

---

[1] Of course, if there were an independent basis for federal jurisdiction, such as federal diversity jurisdiction under 28 U.S.C. § 1332, then the Court would exercise jurisdiction over plaintiffs' state law claim. Here, however, plaintiffs are citizens of Connecticut and have sued their own town in Connecticut, such that there is no basis for federal diversity jurisdiction.

F.3d 108, 115–16 (2d Cir. 2004), or if a state law claim is altogether and completely displaced or preempted by federal law, *see McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017). But "[a] complaint that merely anticipates that the defense will raise a federal issue does not create federal jurisdiction," and "if the underlying coercive lawsuit that the declaratory judgment action seeks to block … would not present a federal issue, then the declaratory judgment procedure cannot furnish the federal courts with jurisdiction." *Finneran*, 954 F.2d at 94.

Here, plaintiffs' claim of a violation of IWWA does not present a federal question. Although plaintiffs argue that the federal Coastal Zone Management Act may generally limit the scope and application of state wetlands law, *see* Doc. #35 at 2-4, the complaint does not allege how defendants here have violated the Coastal Zone Management Act. Nor does the complaint plausibly allege facts to suggest that the federal Coastal Zone Management Act preempts state law as applied here or prevents the town in general from regulating the chopping down of trees. *Cf. Goodspeed Airport LLC v. E. Haddam Inland Wetlands & Watercourses Comm'n*, 634 F.3d 206 (2d Cir. 2011) (federal aviation law did not preempt IWWA regulations governing tree removal on airport wetlands).

Accordingly, there is no conceivable basis to conclude that plaintiffs' IWWA claim presents a federal question, and I will not exercise supplemental jurisdiction over any state law claims. Of course, to the extent that plaintiffs contend—as they do in their motion for partial summary judgment—that defendants lacked jurisdiction to exercise their authority under IWWA and local regulations, they may pursue any available remedies for state or local law violations in the state courts of Connecticut rather than in federal court.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Doc. #29) is GRANTED. Plaintiffs' motion for partial summary judgment (Doc. #23) is DENIED in light of my grant of defendants' motion to dismiss. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 2nd day of February 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge